The Honorable Evelyn Ammons State Representative Post Office Box 1005 Waldron, Arkansas 72958
Dear Representative Ammons:
This is in response to your request for an opinion concerning whether TheCitizen, a weekly newspaper, can be considered a legal newspaper for purposes of publishing county ordinances, delinquent tax notices, etc., in Scott County. In my opinion, the answer to your question is "yes," provided it contains information "of general interest to the public as a whole." This is a determination which this office is not empowered to undertake. The newspaper, however, appears to meet all other requirements to be a "legal newspaper."
You have provided the following facts: The Citizen is a paid weekly newspaper and has offices in the cities of Mansfield and Waldron. Mansfield is located on the county line between Scott and Sebastian Counties and is therefore situated in both counties. The office in Mansfield is situated on the Sebastian side of the county line. The office in Waldron is located in Scott County. A second class mailing permit is maintained at the Mansfield Post Office, which office is situated in Scott county. It is your understanding that The Citizen is a "legal" newspaper and, as such, is therefore legal in any county with certified circulation in that county. The Citizen has certified circulation in Scott and Sebastian counties and has published legal ads in those counties for twenty-seven (27) years.
Arkansas Code Annotated § 16-3-105 (Repl. 1994) sets forth the requirements for a newspaper to be classified as a "legal newspaper" entitled to publish legal notices. Although you have provided such pertinent information as the fact that the newspaper is issued weekly, that it maintains two places of business, and that it has a second class mailing permit, all of which meet the requirements under § 16-3-105(a), the statute also provides, in some detail, what is required as to how long the paper has been in publication, its price and method of circulation, and, most importantly, its content. A.C.A. §§16-3-105(b)-(e).
This office has previously examined § 16-3-105 and relevant caselaw in determining whether a newspaper is entitled to publish legal notices in Op. Att'y Gen. 90-134, a copy of which is attached. The Arkansas cases cited therein remain the applicable law on the subject. In ContinentalLife Ins. Co. v. Mahoney, 185 Ark. 748, 750, 49 S.W.2d 371, 372 (1932), the court considered a number of factors but emphasized the importance of the paper's content, stating that "[t]he primary purpose for the printing of legal advertisements and notices of sale of property under orders of a court is to give to the notice the widest publicity practicable." Seealso § 16-3-105(b). The test in determining whether a newspaper carries abona fide circulation so as to merit publication of notices is "whether or not the publication regularly carries the record of events occurring of general interest to the public as a whole. . . ." 185 Ark. at 751,49 S.W.2d at 372. See also Williamson v. Nixon, 187 Ark. 762, 62 S.W.2d 24
(1930). Although we noted in Op. Att'y Gen. 90-134 that only a factfinder could render a specific determination as to whether the content of a newspaper fell within the meaining of the statute, the facts presented in that opinion request were sufficient to determine the issue as a general matter.
I am unclear as to your statement that The Citizen has "certified circulation" in Scott and Sebastian counties. As discussed above, the statute and relevant case law speaks to whether the content of the newspaper contains information "of general interest to the public as a whole," in order to prove it has a bona fide circulation, in addition to other specific requirements. I have not been provided with any specific information as to the content of The Citizen. Reference should be had to the statute and Op. Att'y Gen. 90-134 for a more detailed analysis of this requirement.
You have indicated that The Citizen has two offices, one of which is in Scott county, is issued weekly, and has a second-class mailing permit. Assuming the paper is also the required length, all of the requirements under subsection (a) have been met. Assuming, further, that all of the other statutory requirements set forth in subsections (b) through (e), as discussed above, have been complied with, including the "content" requirement, The Citizen would classify as a "legal newspaper" within the meaning of the statute. Subsection (c)(1) refers to the requirements for distribution of a newspaper "in the county or counties in which it is circulated. . . ." See also A.C.A. § 16-3-106 (Repl. 1994). It is therefore my opinion, assuming the above requirements have been met, thatThe Citizen is entitled to publish legal notices in any county in which it has a bona fide circulation which, under these assumed facts, would include Scott county.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB/SLJ:cyh